JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
FELICIANO MALDONADO
605 MASON RUN
PINE HILL, NJ 08021

**DEFENDANTS**
PHH MORTGAGE CORPORATION
3000 LEADENHALL ROAD
MT. LAUREL, NJ 08054

**(b)** County of Residence of First Listed Plaintiff: CAMDEN
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: BURLINGTON
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
GRAHAM F. BAIRD
ERIC A. SHORE, PC
1500 JFK BLVD.
STE 1240
PHILA, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000(e)

Brief description of cause:
EMPLOYMENT DISCRIMINATION - RACE AGE

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ > 150,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 11/23/16

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY (CAMDEN VICINAGE)

| | | |
|---|---|---|
| Feliciano Maldonado<br>605 Mason Run<br>Pine Hill, NJ 08021<br><br>   Plaintiff,<br><br>   v.<br><br>PHH Mortgage Corporation<br>1 Mortgage Way<br>3000 Leadenhall Road<br>Mt. Laurel, NJ 08054<br><br>   Defendant | : : : : : : : : : : : : : : : | JURY DEMANDED<br><br><br>No. |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Feliciano Maldonado (hereinafter "Plaintiff") is an adult individual residing at the above address.

2. Defendant, PHH Mortgage Corporation ("Defendant") is a business corporation organized and existing under the laws of the State of New Jersey.

3. At all times material hereto, Defendant qualifies as Plaintiff's employer pursuant to the Title VII of the Civil Rights Act and the New Jersey Law Against Discrimination ("NJLAD").

4. Plaintiff has exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit A, a true and correct copy of a "right-to-sue" letter issued by the Equal Employment Opportunity Commission.)

5. This action is instituted pursuant to the Civil Rights Act of 1964 and the New Jersey Law Against Discrimination and applicable federal law.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant in the State of New Jersey at the time of the illegal actions by Defendant, as set forth herein.

### III. Operative Facts.

9. Mr. Maldonado is a fifty-five year old Hispanic man.

10. At the time of his employment with Defendant, Mr. Maldonado was the only person of color employed as a status supervisor for his region.

11. Defendant has engaged in a continuing course of discriminatory employment practices towards Mr. Maldonado and other people of color employed by Defendant, in that Defendant has a history of overlooking policy violations and/or tendering minimal disciplinary action for Caucasian employees who have violated company policies and rules.

12. In some instances, those same Caucasian employees are, in fact, promoted while Hispanic and African-American employees are held to a much higher standard.

13. Their minority counterparts are routinely subjected to immediate termination for similar actions.

14. Further, Defendant has a history of terminating employees who are fifty (50) years old or older.

15. Plaintiff was employed by Defendant for thirteen (13) years as a Loan Processing Supervisor and for the last three (3) years, prior to termination as an Operations Supervisor.

16. Defendant utilizes a Time and Attendance system called Next Level.

17. `Defendant provided no training to supervisors on how to use Next Level.

18. In January 2016, Plaintiff was in charge of supervising an hourly employee whom he believed was not properly clocking out for lunch breaks that she was taking.

19. Mr. Maldonado counseled this employee and instructed her to clock out for lunch breaks in the future

20. While reviewing time and attendance records on February 8, 2016, Plaintiff noted this employee had not followed those instructions and was continuing to not clock out for lunch as instructed.

21. Mr. Maldonado edited her time record on Next Level to reflect her lunch breaks.

22. This employee subsequently complained to management and at management's direction, Maldonado changed the records to credit the employee for time she was not working.

23. On February 22, 2016, Maldonado was asked about this matter by a Vice President of Defendant named, Annette.

24. Mr. Maldonado fully and honestly explained to Annette what happened.

25. On the same date, February 22, 2016, Defendant terminated Mr. Maldonado's employment.

26. Defendant never provided Maldonado any progressive discipline procedure.

27. Defendant promulgated rules and policies which outlined a progressive discipline policy.

28.     Defendant bypassed and did not follow its own progressive disciplinary policy with respect to Mr. Maldonado's termination.

29.     Mr. Maldonado was a thirteen (13) year employee with an excellent work record and no history of other discipline, as of February 22, 2016.

30.     A younger employee was hired and/or promoted to assume Mr. Maldonado's job title and/or assumed his responsibilities.

31.     While Defendant has indicated that Plaintiff was terminated due to the issue with the employee's Time and Attendance records, however, given Maldonado's employment history, this purported reason is being used as a pretext to conceal their otherwise discriminatory employment practices.

32.     Defendant's primary motivation for terminating Plaintiff was the fact that he is a fifty-five year old Hispanic man.

33.     At all times material, Defendant was hostile to Plaintiff's race and age, and terminated him because of that animus.

34.     As a direct and proximate result of Defendant's conduct in terminating Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**IV. Causes of Action.**

### COUNT I – EMPLOYMENT DISCRIMINATION
### (42 U.S.C.A. § 2000e-2(a))

35.     Plaintiff incorporates paragraphs 1-34 as if fully set forth at length herein.

36.     Defendant took adverse action against Plaintiff by terminating his employment.

37.     Plaintiff's status as an Hispanic man places him in a protected class.

38. Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to terminate his employment.

39. Plaintiff suffered disparate treatment by Defendants, as set forth above.

40. As such, Defendant's decision to terminate Plaintiff's employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

41. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

42. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

43. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorneys fees and court costs.

### COUNT II—AGE DISCRIMINATION IN EMPLOYMENT ACT
### (29 U.S.C. § 623 et seq)

44. Plaintiff incorporates paragraphs 1-42 as if fully set forth at length herein.

45. At all times material hereto, and pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §623, et seq,, an employer may not discriminate against an employee based on age.

46. Plaintiff is a qualified employee and person within the definition of Age Discrimination in Employment Act, 29 U.S.C. §623, et seq,.

47. Defendant is an "employer" and thereby subject to the strictures of the Age Discrimination in Employment Act, 29 U.S.C. §623, et seq,.

48. Defendant's conduct in terminating Plaintiff is an adverse action, was taken, in part, as a result of his age and constitutes a violation of the Age Discrimination in Employment Act, 29 U.S.C. §623, et seq,.

49. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

50. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

51. Pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §623, et seq, Plaintiff demands attorneys fees and court costs.

### COUNT III—NEW JERSEY LAW AGAINST DISCRIMINATION
### N.J.S.A. 10:5-1, et seq.

52. Plaintiff incorporates paragraphs 1-51 as if fully set forth at length herein.

53. As set forth above, Plaintiff's age and race were the motivating factors in Defendant's decision to terminate Plaintiff's employment while setting aside its own progressive discipline policy.

54. Defendant also created and fostered a hostile work environment as set forth above.

55. As such, Defendant has violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

56. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiffs have also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

57. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demand punitive damages.

58. Plaintiff demands attorneys fees and court costs.

### V. Relief Requested.

**WHEREFORE,** Plaintiff Feliciano Maldonado demands judgment in his favor and against Defendant, PHH Mortgage Corporation, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____
GRAHAM F. BAIRD, ESQUIRE
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19110

Attorney for Plaintiff, Feliciano Maldonado

Date: 11/23/16

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Feliciano Maldonado<br>605 Mason Run<br>Pine Hill, NJ 08021 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-03201 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____  8/31/16
Spencer H. Lewis, Jr.,             (Date Mailed)
District Director

Enclosures(s)

cc: **PHH MORTGAGE CORP**
Lee Kaplan, Vice President, Legal Department (for Respondent)

Graham Baird, Esq. (for Charging Party)

**EXHIBIT A**

Enclosure with EEOC
Form 161 (11/09)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*